IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

GERALD RONALD CRAIG, JR.,    )
                             )
            Plaintiff,       )
                             )
v.                           )    Civil Action No. 7:15-CV-656
                             )
NANCY A. BERRYHILL[1], Acting )
Commissioner of Social Security, )
                             )
            Defendant.       )

## REPORT AND RECOMMENDATION

Plaintiff Gerald R. Craig ("Craig") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore ineligible for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. Specifically, Craig alleges that the Administrative Law Judge ("ALJ") erred by improperly evaluating Craig's mental impairments and back pain complaints. I conclude that the ALJ's opinion is supported by substantial evidence. Accordingly, I **RECOMMEND DENYING** Craig's Motion for Summary Judgment (Dkt. No. 13), and **GRANTING** the Commissioner's Motion for Summary Judgment. Dkt. No. 17.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence supports the Commissioner's conclusion that Craig failed to demonstrate that he was disabled under the

---

[1] Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this suit.

1

Act.[2] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Craig protectively filed for DIB and SSI on May 2, 2013 claiming that his disability began on April 2, 2013. R. 257–270. The Commissioner denied the applications at the initial and reconsideration levels of administrative review. R. 92–119, 122–153. On June 17, 2015, ALJ Thomas W. Erwin held a hearing to consider Craig's disability claim. R. 55–91. Craig was represented by an attorney at the hearing, which included testimony from Craig and vocational expert Gerald K. Wells. Id.

On July 17, 2015, the ALJ entered a decision analyzing Craig's claim under the familiar five-step process,[3] denying Craig's claim for disability. R. 30–46. The ALJ found that Craig

---

[2] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

2

suffered from the severe impairments of bipolar disorder, depression, anxiety, cardiomyopathy, coronary artery disease, lumbago and hypertension. R. 34. The ALJ further found that Craig retained the Residual Functional Capacity ("RFC") to perform light work except he should have no exposure to hazards such as moving machinery and unprotected heights; he can occasionally climb ramps or stairs, stoop, kneel, crouch or crawl; he can never climb ladders, ropes or scaffolds; he should avoid more than occasional exposure to extreme height; he can perform simple, routine unskilled tasks with no more than occasional changes in the work setting; and he can have no more than occasional interaction with the public, co-workers and supervisors. R. 37. The ALJ determined that Craig was incapable of performing past relevant work as a pipe fitter, fire sprinkler installer, project manager in sales, and fire inspector, but he could perform jobs that exist in significant numbers in the national economy, such as night cleaner, dining room attendant, and mail room clerk. R. 43–44. Thus, the ALJ concluded that Craig was not disabled. R. 45–46. Craig appealed the ALJ's decision and the Appeals Council denied his request for review on October 15, 2015 (R. 1–5), and this appeal followed.

## ANALYSIS

Craig alleges that the ALJ erred by failing to properly consider and evaluate his subjective allegations as to his mental and physical impairments. He asserts the ALJ "only vaguely addresses the reasoning for failing to find Plaintiff credible" and Craig's alleged limitations are supported by the overall record. Pl. Br. Summ. J. p. 8.[4] Craig also contends that

---

[4] In March 2016, the Social Security Administration superseded its policy on assessing the credibility of a claimant's statements, and ruled that "credibility" is not appropriate terminology to be used in determining benefits. See SSR 16–3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) (effective March 28, 2016). "[W]e are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." SSR 16–3p at *1. "In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character." Id. Thus, under SSR 16–3p, the ALJ is no longer tasked with making an overarching credibility determination and instead must assess whether the claimant's subjective symptom statements are consistent with the record as a whole.
    Here, SSR 16–3p was issued long after the ALJ's consideration of Craig's claim, and both the ALJ's opinion and the parties' briefs speak in terms of a "credibility" evaluation. Accordingly, I will analyze the ALJ's

3

the "ALJ attempts to use statements, perceived as being inconsistent, related to substance use and working to further diminish Plaintiff's credibility." Pl. Br. Summ. J. p. 8.

Craig sought treatment for his lower back pain in July 2011, and an imaging study conducted by Dr. John Daugherty, M.D., found "mild degenerative spondylosis with no plain radiographic evidence of fracture or dislocation of the lumbar spine." R. 505. A physical examination of Craig's neck, back and extremities were normal and Dr. Daugherty found "limited low back tenderness." R. 502. On August 6, 2011, Craig told Dr. David Keilman, M.D., his back pain "comes and goes", and Dr. Keilman noted Craig's back x-rays were "unremarkable" and he was experiencing back pain without any radicular symptoms. R. 499. In 2014, Craig returned to Dr. Daugherty and his impression was low back pain, anxiety and depression, and he prescribed Craig medication. R. 487. Craig testified at the administrative hearing that he has back pain only "maybe once a month", and only if he "overexerts" himself. R. 83. He also stated that the primary reason he could not work was his mental impairments, not his back pain. R. 81, R. 83.

As to Craig's alleged mental impairments, he was seen by Roxana Navab-Boushehri, M.A., L.P.C., in the spring of 2013, who observed Craig's insight and judgment were affected by his emotions, he was oriented to all spheres, displayed no peculiar mannerisms, and was somewhat cooperative. R. 458. Ms. Navab-Boushehri also noted Craig was attentive and interested in the interview, established good eye contact, his speech was clear, his thought

---

decision based on the provisions of SSR 96–7p, which required assessment of the claimant's credibility." See Keefer v. Colvin, No. CV 1:15-4738-SVH, 2016 WL 5539516, at *11 (D.S.C. Sept. 30, 2016); Ford v. Colvin, No. 2:15-CV-05088, 2016 WL 5171986, at *5 (S.D.W. Va. Sept. 21, 2016); Hose v. Colvin, No. 1:15CV00662, 2016 WL 1627632, at *5 (M.D.N.C. Apr. 22, 2016).

However, I note that the methodology required by both SSR 16–3p and SSR 96–7p are quite similar. Under either, the ALJ is required to consider Craig's report of his own symptoms against the backdrop of the entire case record; in SSR 96–7p, this resulted in a "credibility" analysis, in SSR 16–3p, this allows the adjudicator to evaluate "consistency."

4

processes were productive and his memory was intact. R. 458. Ms. Navab-Boushehri found Craig's Global Assessment of Functioning (GAF) score to be at 55, which indicates moderate symptoms. R. 459. Ms. Navab-Boushehri found Craig had a diagnostic impression of obsessive compulsive disorder, posttraumatic stress disorder, and dysthymic disorder. R. 459. Craig also received mental health treatment at The Center for Emotional Care ("Center"), where he reported problems with depression, loss of interest, problems sleeping, having extreme highs and lows, and hallucinations. R. 368. A diagnostic impression in May 2013 included reference to the mental health disorders of bipolar disorder, depression, schizoaffective disorder, anxiety and insomnia, and assigned Craig with a GAF score of 53. R. 372. Craig noted on May 15, 2013 during one of his visits to the Center that the medication he was on "seems to be helping", he indicated he was "not quite as sad" and was tearful less frequently. R. 479. He also stated his sessions with Ms. Navab-Boushehri were helpful. R. 479. When Craig returned in November 2013 to the Center, he noted he had been doing some side work to pay bills. R. 466.

Craig's subjective allegations of pain and limitations are not conclusive. Rather, under the two-step credibility analysis, the ALJ must examine all of the evidence, including the objective medical record, and determine whether Craig met his burden of proving that he suffers from an underlying impairment which is reasonably expected to produce his claimed symptoms. Craig v. Chater, 76 F.3d 585, 592–93 (4th Cir. 1996). The ALJ must then evaluate the intensity and persistence of the claimed symptoms and their effect upon Craig's ability to work. Id. at 594–95.

In Craig's case, the ALJ followed the required two step process. He set forth Craig's subjective complaints about the intensity, persistence and limiting effects of his symptoms in detail in the opinion and determined first that Craig's "medically determinable impairments

5

could reasonably be expected to cause the alleged symptoms." R. 35–40, see SSR 96–7p, at *1. In step two, the ALJ concluded that Craig's statements concerning the intensity, persistence and limiting effects of his symptoms are "not entirely credible." R. 40. In his analysis, the ALJ determined that Craig's statements about his symptoms and limitations are inconsistent with the objective medical evidence and other evidence in the record. R. 40–42.

Specifically, the ALJ set forth Craig's medical treatment history in detail and noted that "[a]lthough the record shows that the claimant has some health-related issues, it contains no credible evidence showing that the claimant's impairments are of the type or nature that would preclude all employment by the claimant and thus require a finding of disability during any portion of the period under review." R. 40. The ALJ stated:

> The claimant's medical history is not necessarily consistent with his allegations of disability, as the record does not reflect the level of medical treatment one would expect for a disabled individual. For instance, the claimant rarely sought or received recent treatment, and did not seek or receive any specialized treatment for his conditions. In addition, the claimant takes medication for the alleged impairments, which weighs in the claimant's favor, but the limited medical record reveals that when compliant, the medications have been relatively effective in controlling the claimant's symptoms. Further, the medical evidence of record indicates that the claimant, while taking medication, has rarely sought or received medical treatment for his alleged disabling symptoms since 2013.

R. 41. Earlier in his opinion, the ALJ also considered Craig's allegations regarding his activities of daily living. R. 35. The ALJ stated: "In written documents, the claimant reported that pain keeps him from driving (Ex. 5E/2) but also that he could drive a car and go out alone (Ex. 6E/4; Ex. 13E/4). He reported that he could mow the lawn. (Ex. 6E/3)". R. 35. The ALJ also noted Craig "reported he could walk 100 yards before needing 5 minutes rest (Ex. 6E/6) and later reported he could walk 1 mile before needing 20 minutes rest (Ex. 12E/6)", and Craig reported "that he could cook, handle household repairs, laundry, dishes and cleaning (Ex. 9E/3), and that

6

he took walks in the evening (Ex.12E/1) and washed his vehicle (Ex. 13E/3)." R. 35. The ALJ also referenced Craig's hearing testimony where he "testified he could stand one-hour at a time, had no trouble bending over, and could lift up to 50 pounds." R. 35. Additionally, the ALJ noted:

> …[T]he claimant has made inconsistent statements regarding matters relevant to his application. For instance, [the] record notes the claimant denied illegal substance use after testing positive, and later admitted such use, but then testified to the contrary. In addition, the medical records note the claimant reported working after the alleged onset date, but at the hearing, the claimant denied working after that date. Hence, although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely credible.

R. 41.

It is apparent from the decision that the ALJ reviewed with detail the medical record and other evidence of record regarding Craig's impairments, and measured the statements about the severity of his symptoms and limitations against the objective medical evidence. Thus, the ALJ did not improperly evaluate Craig's credibility. See Vitrano v. Colvin, No. 6:14-CV-51, 2016 WL 1032888, at *10 (W.D. Va. Mar. 15, 2016) (finding that the ALJ's consideration of the claimant's inconsistent statements as to her work history when analyzing her credibility, coupled with a discussion of inconsistencies between the claimant's allegations and the objective medical record, warranted affirming the ALJ's credibility determination). It is for the ALJ to determine the facts and resolve inconsistencies between a claimant's alleged impairments and his ability to work. See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). The ALJ's evaluation of Craig's symptoms is supported by substantial evidence, and the court will not disturb it.

## CONCLUSION

For the reasons set forth above, I recommend that Craig's motion for summary judgment be **DENIED**, and the Commissioner's motion for summary judgment be **GRANTED**.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered: February 15, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge