CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 0 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

GERALD RONALD CRAIG, JR., )
)
    Plaintiff, )
) Civil Action No. 7:15cv00656
v. )
)
NANCY A. BERRYHILL,[1] ) By: Michael F. Urbanski
Acting Commissioner of Social Security, )     United States District Judge
)
    Defendant. )

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on February 16, 2017, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Gerald Ronald Craig, Jr. has filed objections to the report, and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security and will be substituted for Carolyn W. Colvin as defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

§ 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69,

2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

3

## II.[2]

Craig objects to the magistrate judge's finding on page 7 of the report and recommendation that "[i]t is apparent from the decision that the [Administrative Law Judge ("ALJ")] reviewed with detail the medical record and other evidence of record regarding Craig's impairments, and measured the statements about the severity of his symptoms and limitations against the objective medical evidence." Pl.'s Obj., ECF No. 20, at 1, 2. Specifically, Craig notes the ALJ's failure to consider his limited financial resources and inability to afford more extensive treatment in addressing the level and frequency of Craig's medical treatment. Craig contends the ALJ did not properly evaluate his subjective allegations of disability because the ALJ "penalized Plaintiff for failing to seek a level of treatment that one would 'expect' for a disabled individual.'" Pl.'s Obj., ECF No. 20, at 3.

Craig raised this same argument on summary judgment. Indeed, the majority of page 2 of his objections to the report and recommendation is taken almost verbatim from page 12 of his summary judgment brief. Compare Pl.'s Obj., ECF No. 20, at 2 with Pl.'s Summ. J. Br., ECF No. 14, at 12. A plaintiff, unsatisfied by the findings and recommendation of the magistrate judge, cannot seek re-argument of his case in the guise of objecting. Veney, 539 F. Supp. 2d at 844. In any event, the court finds no error in the magistrate judge's conclusion that the ALJ properly evaluated Craig's subjective allegations in accordance with the Social Security Administration's policies—the sole argument Craig raises in this case.

---

[2] Detailed facts about Craig's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 19) and in the administrative transcript (ECF No. 9). As such, they will not be repeated here.

4

As the magistrate judge noted, it is the ALJ's role to resolve inconsistencies between a claimant's alleged impairments and his ability to work, not the court's. Rather, the court's role on judicial review is to determine whether there is substantial evidence to support the factual findings of the ALJ and whether they were reached through the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the court "is not whether [Craig] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Id. (citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). In making that determination, the court must not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary" or his designee, the ALJ. Id.

The ALJ spends three pages of his opinion walking in detail through the medical evidence of record in this case. Administrative Record, hereinafter "R.", at 38-40. In conclusion, he states:

> Although the record shows that claimant has some health-related issues, it contains no credible evidence showing that the claimant's impairments are of the type or nature that would preclude all employment by the claimant and thus require a finding of disability during any portion of the period under review.

R. 40. Further expanding on this finding, the ALJ makes note of the limited medical record:

> The claimant's medical history is not necessarily consistent with his allegation of disability, as the record does not reflect the level of medical treatment one would expect for a disabled individual. For instance, the claimant rarely sought or received recent treatment, and did not seek or receive any specialized treatment for his conditions. . . .

5

R. 41. However, in assessing Craig's subjective allegations, the ALJ does not rely solely on the fact that the treatment record in this case is limited, contrary to Craig's assertions on brief. Rather, the ALJ goes on to state the record reflects Craig's symptoms are relatively controlled with medication, that Craig made inconsistent statements about his illegal drug use and whether he worked after the alleged onset date, and that the reviewing state agency physicians and psychologist determined Craig could perform a limited range of light work consisting of simple, routine, unskilled tasks. R. 41-42. The ALJ also considered in detail Craig's activities of daily living, R. 35-36, and medical records, R. 38-40, in finding his impairments are not fully disabling. See also R. 42. Thus, it is not, as Craig suggests, that the ALJ "penalized Plaintiff for failing to seek a level of treatment that one would 'expect' for a disabled individual." Pl.'s Obj., ECF No. 20, at 3. It is that the record evidence *taken as a whole* does not support the degree of limitation Craig claims to suffer.

Indeed, as the ALJ notes in his opinion, the medical evidence documents Craig's history of back pain and anxiety / depression[3] but does not contain objective findings that support Craig's claims of disabling limitations. Craig acknowledged at the administrative hearing that he only suffers from back pain "[e]very now and again if you overexert yourself. Maybe once a month maybe." R. 83. X-rays were unremarkable and show only minimal degenerative changes. R. 505; see also R. 498, 499. Over the years, Craig has been treated for his back condition by his primary care physician, Dr. Daugherty, and through visits to urgent care for medication refills. These treatment records document Craig's history of intermittent

---

[3] In his summary judgment brief, Craig challenges the ALJ's findings as regards both his mental impairments and back pain. Pl.'s Summ. J. Br., ECF No. 14, at 8-10. However, at the administrative hearing, Craig stated this case primarily concerned his mental impairments. R. 60; see also R. 76, 83.

lower back pain, for which has been prescribed Lortab and Percocet, but contain little (if anything) in the way of objective findings. R. 487-503.

The medical evidence further documents Craig's mental impairments and struggle with anxiety, depression and bipolar disorder. Craig has treated with Molly Sharp, PA-C and Dr. Himanshu Patel at the Center for Emotional Care, R. 368-72, 464-83, and undergone counseling with Roxana Navab-Boushehri, MA, PLC, R. 453-61. These records document some ups and downs in Craig's mood and affect but on the whole reflect moderate symptoms that have remained stable and improved with medication over the course of his treatment history, with few periods of exacerbation. See, e.g., R. 372, 459, 465, 468, 471, 474, 478, 480, 483 (assessing Craig's Global Assessment of Functioning[4] in the range of 51-60, indicating moderate symptoms); R. 466 (moderate signs and symptoms, good response to medication); R. 469 (feeling better; depression, anxiety, fear, loneliness all improved), 472 (mood improved, severity of signs and symptoms is mild, problem is intermittent and in response to triggers), 476 (symptoms improved after he began taking medications again after spending 60 days in jail), 479 (medications seem to be helping, better mood, more stable, denies concerns), 481 (infrequent crying, mood and anxiety improved, severity of signs and symptoms is mild, response to medication is good/fair). Over the years, Craig's primary care physician, Dr. Daugherty, has treated Craig's anxiety and depression with medication, namely Xanax and Zoloft, but his records contain no objective findings that lend support to Craig's claim of disability on account of his mental impairments. Indeed, more recent

---

[4] The Global Assessment of Functioning, or GAF, scale ranges from 0 to 100 and considers psychological, social and occupational functioning on a hypothetical continuum of mental health illness. Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. Text Rev. 2000) (hereinafter "DSM–IV–TR"). A GAF of 51–60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co workers). Id.

records from Dr. Daugherty indicate Craig's "meds help a lot" and that his "anxiety and depression are well controlled." R. 506. Notably, Craig testified that he has treated with Dr. Daugherty for ten years, R. 71, but the record contains no opinion from him as to Craig's inability to work.

In sum, the ALJ relied not on Craig's lack of treatment but rather on the lack of objective findings *in* the treatment records, as well as other evidence that is inconsistent with Craig's claims of total disability. The court finds no error with the magistrate judge's determination that the ALJ properly examined all of the evidence of record and measured Craig's statements about the severity of his symptoms and alleged degree of limitation against that evidence. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

### III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court

Case 7:15-cv-00656-MFU-RSB   Document 21   Filed 03/10/17   Page 8 of 9   Pageid#: 646

may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of the portion of the report to which Craig objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: 03-10-2017

/s/ Michael F. Urbanski
Michael F. Urbanski
United States District Judge